UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-62264-CIV-MARRA

CHAD T. VAN HORN, DAVID
MARSHALL BROWN, BROWN
VAN HORN, P.A.,

Appellant/Creditor

v.

LESLIE S. OSBORNE,
CHAPTER 7 TRUSTEE

Appellee/Debtor.

_____/

**OPINION AND ORDER**

This cause is before the Court on the appeal by Appellants Chad T. Van Horn, David Marshall Brown and Brown Van Horn, P.A., ("Appellants") of the September 12, 2012 order of the bankruptcy court entering judgment in favor of Appellee Leslie S. Osborne, Chapter 7 Trustee ("Appellee") (DE 1); Appellee's Motion to Dismiss Appeal (DE 6) and Appellant's Motion to File Out of Time Appellant Brief (DE 8).  The Court has carefully considered the appeal, the briefs of the parties, the entire record on appeal, and is otherwise fully advised in the premises.

I.  Background

The facts, based upon the parties' statement of facts in their appellate brief and the appellate record, are as follows:

The debtor, Sebastian J. Balliro ("debtor"), filed a voluntary petition under chapter 11 of

the bankruptcy code on March 1, 2011. (Bankruptcy docket sheet, DE 2-1.) The debtor retained Appellants as his attorney. (Id.) On September 27, 2011, the bankruptcy court entered an Order Awarding in Part First Interim Application for Compensation, awarding Appellants $20,004.00 in fees and $1,340.08 in costs and expenses. (Sept. 27, 2011 Order, DE 2-5.) Subsequently, on October 7, 2011, the U.S. Trustee's Office filed a motion to dismiss the bankruptcy based on the debtor's failure to provide monthly operating reports and to pay the U.S. Trustee's fees for the second quarter of 2011. (Motion to dismiss, DE 2-7.) On November 2, 2011, the bankruptcy court entered an order converting the case to chapter 7. (Nov. 2, 2011 Order, DE 2-7.) Appellants moved to reconsider, which was denied. A week later, the debtor filed monthly operating reports. (Motion to reconsider, DE 2-7; Monthly operating reports, DE 9-3-9-10.)

The Schedule 1 filed by the debtor showed that debtor made $20,000.00 per month and his spouse made an addition $5,000.00 per month. (Schedule 1, DE 2-5.) At the same time, the statement of financial affairs indicated that in 2011, debtor's total combined income was $2,500.00. (Statement of financial affairs, DE 2-6.) Furthermore, the monthly operating reports showed a smaller monthly income than the Schedule 1 and provided for either a small cash flow each month or a negative cash flow each month. (Monthly operating reports.)

On March 21, 2012, Appellants filed a motion to withdraw as attorney of record, which was granted by the bankruptcy court on April 26, 2012. (Apr. 26, 2012 Order, DE 12-8.) Next, on June 27, 2012, Appellee filed a motion for disgorgement of fees. The bankruptcy court conducted a hearing on the disgorgement motion on July 24, 2012. (Motion to disgorge fees, DE 2-5) At the hearing, Appellee stated that the financial records of the debtor were inconsistent and the small amount of money on the monthly operating reports should have indicated to Appellants

that a chapter 11 reorganization was not possible.  In addition, Appellee pointed out that monthly operating reports were not filed until months after the case was filed and those reports never indicated $25,000.00 a month in income.  Nor was there any disclosure that Appellants' fee was non-refundable.  In response, Appellants stated that when the debtor first discussed the case his income was significant and the debtor "convinced" his attorneys that he had that income.  With respect to the reports, Appellants told the bankruptcy court that the debtor was "elusive" and did not provide the necessary bank statements.  After about a year, Appellants informed the U. S. Trustee of their problem with the debtor.  At one point, Appellants filed, but then withdrew a motion to convert, because they felt the debtor was in such bad shape emotionally. (Transcript of July 24, 2012 bankruptcy court hearing, DE 3.)

On September 12, 2012, the bankruptcy court granted Appellee's motion for disgorgement. In so doing, the bankruptcy court noted that the previous fee award was an interim award.  Furthermore, the bankruptcy court concluded that the bankruptcy case should not have been filed at all and that once the case was filed, Appellants provided a de minimus value to the estate. (Sept. 12, 2012 Order, DE 1.)

Appellants argue that the bankruptcy court applied the wrong legal standard in granting the motion to disgorge fees.  Specifically, Appellants claim that the standard for disgorgement of fees for an attorney is egregious conduct as set forth in In re Southeast Banking Corp., 91-14561-BKC-PGH (Bankr. S.D. Fla. June 14, 2004).[1]  Additionally, Appellants contend that in

---

[1] In citing this case, Appellants failed to provide the date or docket entry number of this Order, which was particularly burdensome on the Court given that this case has 6,115 docket entries.  In the future, Appellants must either provide adequate citations to unpublished cases or provide a copy of the case to the Court.

determining a fee allowance, the bankruptcy court ought to have applied In re Strand, 375 F.3d 854 (9th Cir. 2004).  In response, Appellee states that, because employment of professionals is governed by 11 U.S.C. § § 327, 329 and Appellants failed to comply with the disclosure requirements and duties under the bankruptcy code, the bankruptcy court did not abuse its discretion in ordering Appellants to disgorge their fees.

      II. Legal Standard

The Court reviews the Bankruptcy Court's factual findings for clear error and its legal conclusions *de novo*. In re Globe Manufacturing Corp., 567 F.3d 1291, 1296 (11th Cir. 2009); In re Club Assoc., 951 F.2d 1223, 1228-29 (11th Cir. 1992).  "The award or denial of attorney's fees in bankruptcy cases is reviewed for an abuse of discretion, and the underlying findings of fact are reviewed for clear error.  A bankruptcy court's finding under 11 U.S.C. § 330(a) concerning whether services provided by counsel were necessary is a factual one that is reviewed for clear error, a very high standard, and one an appellate court would rarely be likely to find, especially in a fees situation."  In re Westwood Comm. Two Ass'n, Inc., No. No. 05-13753, 2006 WL 940647, at * 1 (11th Cir. Apr. 12, 2006) (internal citations and quotation marks omitted). An appellate court may affirm the lower court "where the judgment entered is correct on any legal ground regardless of the grounds addressed, adopted or rejected" by the lower court. Bonanni Ship Supply, Inc. v. United States, 959 F.2d 1558, 1561 (11th Cir. 1992).

III. Discussion

Section 331 of the bankruptcy code governs interim compensation for professionals employed in the bankruptcy context.[2] The purpose behind this provision "is to prevent bankruptcy professionals from having to wait until conclusion of the bankruptcy case for compensation and reimbursement." In re CHC Industries, Inc., No. 8:03–bk–20775–PMG., 2006 WL 4968122, at * 4 (M.D. Fla. Sept. 5, 2006) (quoting In re Kids Creek Partners, L.P., 236 B.R. 871, 875 (Bankr. N.D. Ill. 1999)). At the same time, section 329 of the bankruptcy code provides "if such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive." 11 U.S.C. § 329(b). Put another way, "all professional fees which are paid under sections 328, 330 or 331 are subject to the Bankruptcy Court's inherent authority to order disgorgement." In re Mariner Post–Acute Network, Inc., 257 B.R. 723, 730 (Bankr. D. Del. 2000). "Disgorgement of fees received is the expected and proper remedy to be applied when a debtor's attorney has failed to comply with bankruptcy rules and statutes." Frankel v. Mukamal, No. 10–61207–CIV, 2011 WL 294413, at *3 (S.D. Fla. Jan. 27, 2011) (citing Matter of Prudhomme, 43 F.3d 1000, 1003 (5th Cir.1995)); see In re Kisseberth, 273 F.3d 714, 721 (6th Cir. 2001) (an attorney's violation of his

---

[2] 11 U.S.C. § 331 Interim compensation

A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

11 U.S.C. § 331

or her disclosure obligations may justify disgorgement.)

Here, the bankruptcy court did not abuse its discretion when it ordered Appellants' interim fees to be disgorged. During the hearing, Appellants did not dispute that they failed to file the required monthly operating reports. Instead, Appellants simply stated that the debtor was non-responsive to them. When asked by the bankruptcy court when Appellants informed the U.S. Trustee that the debtor was non-responsive, Appellants stated it was "at least a year." The bankruptcy court also questioned why Appellants did not fulfill their responsibility to the bankruptcy court and ask for judicial intervention to get the necessary information from the debtor. Appellants simply asked not to be judged on the basis of this one case, but on their other bankruptcy cases before the bankruptcy court. After careful review, and based on the significant omissions in reporting, the bankruptcy court did not err in ordering disgorgement. See In re Ohpark, No. 10–10194–SSM, 2010 WL 1930187, at * 2 (E.D. Va. May 12, 2010). (disgorgement is proper whether the mistakes in the documents were intentional or inadvertent).

Nonetheless, Appellants claim that the bankruptcy court erred in disgorging the fees.[3] According to Appellants, the standard for disgorgement of fees requires a showing of egregious conduct. In support, Appellants cite to In re Southeast Banking Corp., 91-14561-BKC-PGH (Bankr. S.D. Fla. June 14, 2004). This case is inapposite. The issue there was whether fees should be denied *as a matter of law* based upon findings of willful misconduct. Id. at 8-10 (emphasis added). In contrast, the issue in this appeal is whether the bankruptcy court abused its discretion in disgorging fees. The bankruptcy court did not conclude that it must disgorge the

---

[3] Although Appellants list seven issues under their statement of issues (DE 7 at 6), they only discuss this issue in their brief. Accordingly, the Court will only address the issue briefed by Appellants.

6

fees as a matter of law.  Thus, In re Southeast Banking Corp. is unpersuasive.

Nor is the Court persuaded by Appellants' reliance on In re Strand, 375 F.3d 854 (9th Cir. 2004).  In re Strand sets forth a five-part test for a determination of a reasonable fee allowance under the bankruptcy code.[4]  This test is not applicable to a determination of whether an interim fee should be disgorged.  Moreover, to the extent this test has any relevance to a disgorgement order, factor two would be controlling and is the one on which the bankruptcy court placed primary reliance.  The bankruptcy court found that Appellants did not provide services that were necessary or beneficial to the estate and that the case should not have been filed.  Additionally, the bankruptcy court observed that there were inconsistencies in the documents filed by the debtor in the bankruptcy court and Appellants did not exercise the necessary control over the debtor.  Thus, the Court finds no error.  See id. at 858 ("Given the purpose of § 331 and the inherent nature of tentative financial relief, the bankruptcy court did not need to find any misconduct . . . to justify modification of the interim award upon a final evaluation of the fee application).

For these reasons, the Court finds that the bankruptcy court did not err in disgorging the fees.

IV.  Conclusion

Based upon the foregoing, it is **ORDERED AND ADJUDGED** that the decision on appeal of the bankruptcy court is **AFFIRMED**.  Appellee's Motion to Dismiss Appeal (DE 6) on

---

[4] The five part test is as follows: First, were the services authorized?  Second, were the services necessary or beneficial to the administration of the estate at the time they were rendered?  Third, are the services adequately documented?  Fourth, are the fees requested reasonable, taking into consideration the factors set forth in § 330(a)(3)?  Finally, did the professional exercise reasonable billing judgment?  Id. at 860 (brackets omitted).

the basis that Appellant's brief was not timely filed is **DENIED.** Appellant has shown good cause. Appellant's Motion to File Out of Time Appellant Brief (DE 8) is **GRANTED**.

This case is **CLOSED**, and all pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 25th day of January, 2013.

_____
KENNETH A. MARRA
United States District Judge